**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| WASTEQUIP MANUFACTURING COMPANY, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 13-cv-8726 |
| v. | ) ) ) | |
| PRECISION SEWING, INC., dba PRECISION TARP, PRECISION TARP, INC., SISOMBATH PHILAVONG, and MAY PHILAVONG, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Wastequip Manufacturing Company, LLC ("Wastequip") hereby brings the present action against Precision Sewing, Inc. *d/b/a* Precision Tarp ("Precision Sewing"), Precision Tarp, Inc. ("Precision Tarp"), Sisombath Philavong ("Sisombath Philavong"), and May Philavong ("May Philavong") (collectively "Defendants"),and alleges as follows:

### Parties, Jurisdiction and Venue

1.      Wastequip is a limited liability company existing under the laws of the State of Ohio, with a principal place of business at 6525 Morrison Blvd., Suite 300, Charlotte, North Carolina 28211.

2.      Precision Sewing is, on information and belief, a corporation existing under the laws of the State of Illinois, with a principal place of business at 403 Dixon Avenue, Elgin, Illinois 60120.  On information and belief, Precision Sewing has done or is doing business as "Precision Tarp."

3.      Precision Tarp is, on information and belief, a corporation existing under the laws of the State of Illinois, with a principal place of business at 403 Dixon Avenue, Elgin, Illinois 60120.

4.      Sisombath Philavong is, on information and belief, an individual residing at 2627 Cardinal Drive, Elgin Illinois 60120. Sisombath Philavong is, on information and belief, the President of Precision Sewing, and has a direct financial interest in Precision Sewing. Sisombath Philavong is also, on information and belief, an officer of Precision Tarp, and has a direct financial interest in Precision Tarp. Sisombath Philavong has, on information and belief, personally participated in, directed, authorized, induced, and/or ratified the acts, omissions, and wrongful conduct of Precision Sewing and/or Precision Tarp as alleged herein.

5.      May Philavong is, on information and belief, an individual residing at 2627 Cardinal Drive, Elgin Illinois 60120. May Philavong is, on information and belief, the Secretary of Precision Sewing, and has a direct financial interest in Precision Sewing. May Philavong is also, on information and belief, an officer of Precision Tarp, and has a direct financial interest in Precision Tarp. May Philavong has, on information and belief, personally participated in, directed, authorized, induced, and/or ratified the acts, omissions, and wrongful conduct of Precision Sewing and/or Precision Tarp as alleged herein.

6.      On information and belief, each Defendant named herein is, and at all relevant times herein was, the agent, servant, employee, partner and/or joint venturer of each of the other Defendants; the acts of each Defendant were within the scope of such agency, service, employment, partnership or joint venture; in doing the acts and omissions alleged herein, each Defendant acted with knowledge, permission and/or consent of every other Defendant; and each

Defendant aided, abetted, and/or conspired with the other Defendants in the acts and omissions alleged herein.

7.      This Complaint asserts patent infringement claims under Patent Act, 35 U.S.C. § 271.

8.      This Court has subject matter jurisdiction over the subject matter of the claims asserted herein pursuant to 35 U.S.C. § 281 and 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over Defendants Precision Sewing, Precision Tarp, Sisombath Philavong, and May Philavong as each of the Defendants resides in this state and judicial district.

10.     Venue is appropriate in this judicial district for the claims asserted herein pursuant to 28 U.S.C. § 1391(b) and (c) and §1400(b).

**COUNT**
**PATENT INFRINGEMENT (35 U.S.C. §271)**

11.     Wastequip re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 10.

12.     On January 3, 2006, United States Patent No. 6,981,734 entitled "Tarpaulin System for an Open-Top Cargo Hold" was duly and legally issued naming William P. Martin as the inventor ("the '734 Patent"). A true and correct copy of the '734 Patent is attached hereto as **Exhibit 1**.

13.     On December 31, 2003, Mr. Martin assigned the '734 Patent to Mountain Tarp and Awning, Inc. This assignment is recorded at Reel/Frame Number 014944/0065 in the United States Patent and Trademark Office. On December 11, 2006, Mountain Tarp and Awning, Inc. assigned the '734 Patent to Wastequip Manufacturing Company. This assignment is recorded at Reel/Frame Number 018720/0411 in the United States Patent and Trademark

Office.   On October 3, 2008, Wastequip Manufacturing Company became Wastequip Manufacturing Company LLC.   This conversion of entity is recorded at Reel/Frame Number 021912/0305 in the United States Patent and Trademark Office.   Wastequip is and was at all relevant times the owner of the '734 Patent.

14.     Defendants Precision Sewing and Precision Tarp have been and continue to infringe the '734 Patent by making, using, selling, and/or offering for sale a tarping system for an open-top cargo hold in the United States, including in this judicial district, that is comprised of a tarpulin, a plurality of bows for supporting the tarpulin, a plurality of fasteners for detachably securing the bows to the tarpulin, a cable for reciprocal movement, and a plurality of connectors for releasably attaching the bows to the cable.   On information and belief, this tarping system for an open top cargo hold infringes at least claims 1, 4-9, 14-18, and 21 of the '734 Patent, either literally or under the doctrine of equivalents, in violation of the United States patent laws.

15.     On information and belief, Sisombath Philavong, and May Philavong knowingly induced, caused or materially contributed to the infringing conduct of Precision Sewing and/or Precision Tarp complained of herein and thus aided and encouraged such infringing conduct.

16.     On July 5, 2013, Wastequip sent a cease and desist letter to Precision Tarp alleging infringement of the '734 Patent.   A copy of this letter is attached hereto as **Exhibit 2**.

17.     On information and belief, Defendants were on actual notice of their infringement of the '734 Patent at least as early as July 5, 2013 and continued to infringe the '734 Patent after such notice.

18.     On information and belief, Defendants' acts of infringement have been willful, wanton, and deliberate, without license, and with full knowledge and awareness of the '734 Patent.

19.     The harm to Wastequip within this judicial district and elsewhere in the United States resulting from the acts of infringement of the '734 Patent by Defendants set forth above, is irreparable, continuing, and not fully compensable by money damages.

20.     On information and belief, Defendants have profited and will continue to profit by their infringing activities.  Wastequip has been damaged by Defendants' infringing activities. The amount of monetary damages which Wastequip has suffered by the acts of Defendants set forth above cannot be determined without an accounting.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wastequip prays for judgment against Defendants as follows:

(a)     for a judgment that Defendants have infringed the '734 Patent;

(b)     for a judgment that the '734 Patent is not invalid and is enforceable;

(c)     for a permanent and preliminary injunction under 35 U.S.C. § 283 against further infringement of the '734 Patent by Defendants, and Defendant Precision Sewing and Defendant Precision Tarp's officers, directors, employees, agents, licensees, servants, successors, affiliates, subsidiaries, and assigns, and any and all persons acting in privity with them;

(d)     that Defendants be required within thirty (30) days after issuance of the injunctive relief specified in the foregoing paragraph to file with the Clerk of this Court and serve on Plaintiff a report in writing and under oath, setting forth in detail the manner and form in which it has complied with the injunctive portion of the judgment against it;

(e)     for an order that Defendants destroy all tooling used to make the infringing products, and all infringing products in the inventory of Defendants and their distributors;

(f)     for an accounting to establish Plaintiff's damages and for judgment against the Defendants, jointly and severally, awarding this damage amount;

(g)     for a judgment that Defendants' willfully infringed the '734 Patent and that the award of damages be increased three times the amount assessed under 35 U.S.C. § 284;

(h)     for an assessment of costs against Defendants;

(i)     for a finding that this action is exceptional and for an award to Plaintiff of its reasonable attorneys' fees incurred in this action under 35 U.S.C. § 285; and

(j)     for such other and further relief as may be just and appropriate.

Dated this 6th day of December 2013.          Respectfully submitted,


                                                __/s/ Amy C. Ziegler_____
                                                Kevin W. Guynn
                                                Amy C. Ziegler
                                                Greer, Burns & Crain, Ltd.
                                                300 South Wacker Drive, Suite 2500
                                                Chicago, Illinois 60606
                                                312.360.0080
                                                312.360.9315 (facsimile)
                                                kguynn@gbclaw.net
                                                aziegler@gbclaw.net


                                                *Counsel for Plaintiff*
                                                *Wastequip Manufacturing Company, LLC*