IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WASTEQUIP MANUFACTURING COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13 C 8726 |
| PRECISION SEWING, INC., dba PRECISION TARP, PRECISION TARP, INC., SISOMBATH PHILAVONG, and MAY PHILAVONG, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

It is difficult to imagine a more straightforward formulation than is provided by Fed. R. Civ. P. ("Rule") 8(b)(5) for a defendant that, unable to comply properly with Rule 8(b)(1)(B) as to a plaintiff's allegation, can qualify for the Rule 8(b)(5)-specified disclaimer of that allegation. Yet an astonishingly large number of lawyers, whether impelled by a desire to be inventive or for some other reason, depart from that plain roadmap by employing locutions that do not comply with the Rule 8(b)(5) conditions -- in that respect, see App'x ¶ 1 to State Farm Mutual Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001).

Now counsel for defendants in this patent infringement case have joined that nonexclusive club, for their Answer ¶¶ 1, 12, 13, 19 and 20 stray from the yellow brick road so plainly marked out by Rule 8(b)(5). It must be said that defense counsel's locution comes a good deal closer than most aberrations from the Rule's formulation, but there seems to be no good reason to leave any doubts open on that score when any such doubts can be so easily eliminated. Accordingly this Court strikes the disclaimers in those paragraphs of the Answer, with leave

granted to defense counsel to substitute a Rule-conforming version of each by filing an amendment to the Answer on or before February 24, 2014.  Although this Court most frequently requires a complete do-over of an answer in such situations, thus avoiding the need to flip from one pleading to another to see just what is and what is not in issue between the parties, it sees no reason here to impose that added burden on defense counsel.

Another of the common errors of defense counsel dealt with in the <u>State Farm</u> Appendix is identified in its Paragraph 5, which addresses the frequently encountered misuse or abuse of the concept of affirmative defenses ("ADs") as contemplated by Rule 8(c) and the caselaw construing and applying that Rule.  In this instance defendants' AD 1 is unexceptionable, for it asserts the claimed invalidity of the patent sued upon in the Complaint -- a subject as to which none of the Complaint's allegations are framed in a fashion so that their simple denial would make such an AD superfluous.  By contrast, AD 2 is directly contradictory to the allegations in Complaint ¶¶ 14, 15, 17, 18 and 20.  Hence, as called for by the <u>State Farm</u> Appendix, AD 2 is stricken without leave to replead.

                                                               _____  
                                                               Milton I. Shadur  
                                                               Senior United States District Judge

Date:  February 13, 2014